Number 191358, Luis Adrian Cortes-Ramos v. Enrique Martin-Morales. Mr. Rodriguez, good morning. Good morning, Your Honor. May I come in? Please. Your Honor, I would like to request a split of my time for argument to save five minutes for the end. All right. You have ten minutes altogether. I would like to use five. No, five. I just want to tell you that's what you have. Yes. Your Honors, we are here on appeal for a motion to dismiss of the case of Luis Adrian against Enrique Martin. First of all, the court had the prior motion to dismiss. The case was dismissed at the beginning of the case back in 2016, and it was reinstated on a decision by this honorable court. It was at the time, it was a long motion to dismiss with abundant enough evidence submitted by the defendant. And the court ruled on that. And immediately after the case was reinstated, the district court asked for an ISC, a proposed ISC. We submitted. And immediately the defendant asked for the original motion to dismiss to be reinstated. And the honorable court decided on that one. There's no allegation in the complaint here of copyright registration, right? Yes, Your Honor. Okay. So why isn't that a basis for dismissing the complaint? Because you have to allege copyright registration. Yes, Your Honor. The case law by the Supreme Court changed on 2000, last year. The Fourth Estate case. Different circuits got different decisions. And some of them decided that they could take an allegation on their copyright before they had a certification for the copyright. Okay. But the Supreme Court in the Fourth Estate case said that registration is a part of the cause of action. And if I understand it, it says you can't sue until you register. That's right, Your Honor. And there was no allegation here that it was registered in the complaint. That's right, Your Honor. So why doesn't that make the complaint? That was a problem. The case, we got the registrations on the last page of the appendix. The case was filed in 2016. That registration shows registration after the filing of the complaint, though. Yes, Your Honor. We couldn't amend the complaint to include it. We made certain allegations on the case that we could survive the motion to dismiss based on the presence by the circuit, by the different circuit court before the case came out of the Supreme Court. That's our isolation. We produced certain different opinions from different circuit courts. Actually, on the Supreme Court case, the decision was from now on, forget about, that's the way I interpret it, forget about any copyright case. You have to be certified before you file a claim under copyrights. That's the way I interpret the Supreme Court case. It happened last year. And by the time it happened, the song was already pre-registered. We received the certification right after the court ruled on that one. Did you make that argument to the district court? We did, Your Honor. We told the district court, Your Honor, we are waiting for the certification. Did you argue to it that you didn't need to be registered under existing precedent at the time of the filing of the complaint? We. Because you don't seem to argue that in your brief to us. No, what we did was we submitted what we understood. What I'm saying, your explanation about why the late registration should suffice is that your understanding of the case law was that there was no obligation to be registered at the time. But that's not an argument that you made to us on appeal until right now. It's not in your brief. It is correct that we did not, on the lower court, that we did not inform that, but we told that it was already submitted. It was clear on the record. But that's not good enough unless you have a legal basis for saying that it's okay to file as late as you did. But you never made an argument below or to us as to why you can file as late as you did. All you've said is we filed late. But that's not without any other argument. You can't on appeal for the first time now say, well, it's okay that we filed late because precedent existed that suggested it was okay to file late without putting that in your brief or putting that to the district court. Let me review. Unless you did argue it and I missed it. Yaron, can I move to use those five minutes reserved three now? Sure. So we can answer those questions. Well, first, on the lower court, the court claimed that the court in the order stated, oh, the plaintiff alleged that they did already file a petition. But the defendant opposition was, hey, we look into the record and there's no pre-filing. And that we submitted as evidence from an affidavit stating that. And the defendant said, no, they didn't. We look into the records of the Copyright Office and we did not find anything. So they did not file. Did you file for copyright? Were you registered before the filing of the complaint? Sorry, sir? Did you have a copyright registration when you filed the complaint? No, Yaron. Okay. So under the Fourth Estate case, that would seem to say that you are missing an allegation of an essential element of the cause of action. Yes, sir. I completely agree with you. So why isn't the correct result here to amend the complaint so that it complies with the statutory requirements? That's what we understand, that we could amend the complaint, but we were not allowed to. We, since the beginning of this case, we filed a complaint in 2016. But the reason you weren't allowed to, you didn't make an argument as to why you would have any good cause to be allowed to. You're saying to us now that the good cause was that you weren't aware that you had to be registered at the time of filing. But you didn't make that argument below. So why did the District Court, Aaron, not allow you a chance to amend? Well, we explained since the beginning of this case. Well, we filed a complaint. There was a motion to dismiss and we were not allowed to do anything just to answer that motion to dismiss. Then it was revoked, came back down to the first for the District Court. They reinstated the same motion to dismiss with facts, with issues, legal issues that were already solved in other cases. If you're appealing the refusal to allow you to amend the complaint, is that what you now say you're appealing? Yes, Your Honor, since the beginning. So you have to have made an argument to the District Court that it erred in rejecting. But we were not allowed. The motion to dismiss was the first motion to dismiss that was reinstated. And there was not an argument about non-registration. It was an argument. It's not in the defendant's motion to dismiss. That argument was made by them. We brought that to the attention of the Court in our series of different answers. And that we have not been able to do any, not even a Rule 26 initial disclosures in this case. Neither any kind of discovery. Plus, all the evidence is on the hands, is in the possession of the defendants. We are not being able to get anything. All the documents have been submitted. It looks like a motion for summary judgment. Because so many documents have been provided by the defendants. We were not allowed to have it. But basically, that's our major situation here. But besides the copyright issue, we have under state law, we got another cause of action. Which is any intervention or any objection, obstruction to a contract or to other causes of action. We have a remedy for that under state law. The court didn't even, the district court didn't even look into that one and dismiss that situation, that allegation. On the final argument, under the case of a Supreme Court, in order to be efficient, well, if we don't have a cause of action on 2016, we have it now. So, it's going to be a dismissal of the case because we didn't have the case. But the Supreme Court says, once you have the registration, that's when they start the cause of action. So, we will be able, we will be, the way I understand, humbly, is we will be filing a case of copyright. Because now we have the certification. It's going to be a second case. Is there some place in the record that the district court denied a motion for leave to amend? On the, on the, on page. Real quick. When we submit a motion to the plaintiff ISC in, in, in, in compliance with the court order, we explain that we need to do some discovery. And in our motion, in our position to the, that's on page 558, we request the court to have an order, order hearing. So, we can vouch for the reason why we need. Yeah, yeah. But my question is, is there an order denying a leave to amend? No, Your Honor. There is not. So, does the court have any questions, or should we wait until? We have three more minutes left. If you still want to use the rebuttal. I just was confused by the last exchange. Was there a motion to leave to amend? To amend? Yeah. No, Your Honor. Okay. It can be construed, the motion that we want to do, our argument saying, hey, we haven't done any discovery. We haven't done any initial disclosures. We haven't done anything. All the documents are under the purview, I mean, under the control of the defendant, that we should have that initial disclosure and discovery, but no, there's not. Thank you. Mr. Corey or Mr. Rose, I don't know which. Mr. Rose. Okay, Mr. Rose. Good morning, Your Honor. May it please the Court, David Rose on behalf of Enrique Martin Morales. This is the fourth appeal before this Court relating to Sony's 2014 World Cup Song Contest, and it's the second of those four appeals in which the Court has before it a decision below dismissing the appellant's claims under Rule 12, and that's because the appellant has not pled, and the appellant cannot plead any set of facts which would give rise to a cognizable claim relating to his participation in the contest. The music video that he alleges infringes his submission to that contest. We have in the record here a CD which has the two videos. How did that get into the record? That should not be in the record, Your Honor. And, in fact, I believe it was unilaterally placed there by the appellant. In the proceedings before this Court, that CD was first submitted independently of any pleading, any motion. We objected to it becoming part of the district court's record. It's there, but it has never been part of any, it has not been considered in any way by the district court in any proceeding in this case. So the district court allowed it into the record? The district court allowed it to be part of the docket. It wasn't part of the record on any motion. In other words, it wasn't submitted in connection. It was just submitted standalone as something that's on the docket. So the district court's decision here makes clear that as a matter of pleading, there are no allegations that support a claim for copyright. Excuse me, but I'm a little confused. If it's part of the court record below, it is part of the record. Whether it was how it got there may be a mystery. It wasn't part of the record on the motion that's before the court or any other motion. In other words, what was part of the record considered by the court in connection with our motion was our briefs, were the documents that were incorporated into effectively the complaint, which we attached to an affidavit. But the district court was very clear in this case that it would not consider and did not consider anything that was not part of the complaint. It was outside of the complaint, including what was submitted by the appellant entitled Statement Under Penalty of Perjury with his opposition. So I think the court can infer from the district court's reluctance to consider, again, anything outside of the pleading itself, that that CD was not considered in any way by the court with regard to the motion. So in that respect, it doesn't form any part of the record considered by the district court nor any part of the record before Your Honors today. So the district court's decision, as I was saying, makes it very clear that there is no allegation whatsoever to support a claim for copyright infringement, no allegation to support a claim for trademark infringement, which wasn't appealed. What's missing? The complaint alleges that the two videos are identical. Respectfully, Your Honor, that's the problem in the sense that that's all it alleges. It alleges copyright infringement. In order to establish a claim for copyright infringement, a plaintiff still does need to satisfy the plausibility requirements that are required as a matter of pleading. And so he has to plead plausible access and similarity as well as ownership. It certainly alleged similarity, right? He doesn't allege it with anything other than a conclusory allegation that it's virtually identical. He doesn't identify. What do you have to say? It's virtually identical. I get the idea. Right, and that's all it is, just a general conclusory idea. I don't understand. If I say it's virtually identical, I would imagine what he's saying is they're the same. That's pretty detailed. It's not as detailed as it needs to be. Do you have a case saying that you have to say more than that for purposes of copyright? I don't have a case specifically as it relates to copyright per se, but I would fall back on the standards of Twombly and Iqbal where it's very clear that you can't just come in with a conclusory statement that it's virtually identical. You need to plead facts. They don't say that. That's what he says. They don't say that. You can't come in and say there's a violation of a copyright act and win. But if you say they're virtually identical, nothing in Twombly tells me that that's not enough. What are you saying it has to do? Like this bar is the same as that bar? That's exactly where I was going. What case tells me that for copyright? If you don't have one, then I can't deduce that just from Twombly. I don't have one that says that specifically, but I do know that if you look at this court's case in Airstream and the Lotus 1-2-3 Borland case, it makes very clear that there needs to be ultimately an established identification of where the similarity exists. Ultimately? What do you mean by ultimately? Not at the pleading stage? At the pleading stage and ultimately as a matter of proof, Your Honor, yes. Summary judgment, right? Your cases are summary judgment cases. We're not on summary judgment. Those are two summary judgment cases, but I believe it's because there is a requirement of something more than just saying it's virtually identical. In that circumstance, everybody who just merely alleges I created this work, they took my work, they copied it, and what I saw ultimately was virtually identical would get through the courthouse door. Yeah, and why is that wrong? It's wrong because you do have the ability as a party who created the work to do exactly what Your Honor had indicated, and I can say from experience, I don't have a case for you, but I have certainly seen many copyright infringement cases where within the complaint where there's an allegation of similarity. If they see it's virtually identical, are you incapable of responding? I mean, you now know they think they're virtually identical. You can show they aren't. I can't show that at the pleading stage. Right. And what that does by not requiring some amplification, and that information, by the way, to amplify. Because you know how to defend against that. You would just put on proof. What is the point of the requirement as to how specific the complaint has to be? I would have thought to give you notice of what you're up against. You know you're up against somebody who thinks it's virtually identical. So if you can prove some significant disparities, you'd win. Right, and that's at the proof stage. But the purpose of having the more particularized context-based standard under Twombly and Iqbal is to make sure that before a party is required to have to put on that proof, to have to incur that expense, there needs to be at least some plausibility articulated in the complaint that requires the process to move forward. It's very easy for anybody to say it's virtually identical. Not if it's not true. It's easy for them to say it if it's not true. They're not allowed to say it if it's not true. They are not allowed to say it. That is absolutely correct. Right, so it's not so easy to say it unless it's true. For sure. It's different to say he violated the Copyright Act. That's easy to say. But he didn't just say that. He didn't just say you copied it. He said it violates the Copyright Act because it's virtually identical. And it's easy for people to say that but also easy for people to think that. And if, taking your Honor's example, if you had a staff graph with the notes plotted in rhythm and meter also laid out in Figure 1, for example, and then Figure 2. So Figure 1 would be the allegedly infringed work with the notes set out. Figure 2 would be the allegedly infringing work. And that is how one could show, beyond merely a statement that I think it's virtually identical, that there is at least some plausible identity or similarity between the two works that would support moving forward into a stage where you are looking at factual issues, in other words. Suppose we reject your contention about virtually identical. We say that allegation is sufficient. It doesn't have to get into any more detail under Iqbal and Twombly. What else is missing from the complaint? There needs to be allegations of factual copying. And there needs to be enough similarity to give rise to an inference that there was copying of protectable subject matter. Well, virtually identical would be enough on the latter point, wouldn't it? Again, for the reasons I was discussing with Judge Barron, I respectfully submit that it wouldn't. Okay, but except the hypothetical, we say that is enough. Right. It doesn't have to be in more detail. What's missing from the complaint? Well, of course, there's the lack of ownership that was articulated or that even existed at the time the complaint was filed, number one. But he says he created the video. He created a video which gives rise to copyright protection. However, in order to be able to sue as a matter of law, there needs to be copyright registration. Is there cases that say that has to be in the complaint? I know it has to be an element. But is it a defect of the complaint if you don't specifically allege that you've registered it? Is there a case that says that? Yes, there needs to be proof of copyright registration. That's not what I asked. Was there a case that says that? Is there a case that says to survive a motion to dismiss that you must affirmatively include an allegation that you registered it in order to get past the motion to dismiss stage? Because I believe the Fourth Estate case would stand for that proposition. Is that the 12B6 case? I believe it is. I believe it is. No, but I'm in a case. The Fourth Estate case doesn't hold that. It says that registration, like exhaustion, is an element that has to be established. It's not dealing with what the complaint has to say. I'm sorry. I missed. Someone was coughing. It's not dealing with what the complaint has to say. The Fourth Estate case says you have to have registration as an element of the cause of action before you can sue. But it doesn't speak directly to the question of what you have to include in the complaint. I would submit that all elements of a cause of action need to be pled in order for there to be a stated cause of action. If you're missing one of those elements, I believe that you haven't properly stated a cause of action. But to answer your question, Judge Dyke, more broadly, and what we put before the district court was the proof that was incorporated into the complaint by the appellant that the appellant doesn't have any rights in what he is alleging was infringed. And so the district court did not get to that because it ruled on both the ownership and the lack of proper pleading grounds. However, again, I said to Your Honors, this is the fourth appeal that we're before you on, the second in which there has been a determination that the plaintiff cannot state a cognizable claim. Those documents shut the door on that, shut the door on any claim that he's got. And they are before you in the record. We argued them below. The district court didn't reach them. But I would submit, if Your Honors take a look at those documents, there are 10 instances within them, 10 specific instances within them that make clear that the work that the appellant submitted for the song contest was a work for hire for Sony and the alternative was assigned to Sony and that all rights to use or otherwise distribute, dispose of, alter, amend, or rework that work was given to Sony in its sole discretion. But the district court never reached any of that. The district court did not reach it. Because you asked it not to. No, we asked it to. Well, you asked it to also kick it out on other grounds, didn't you? We did. We started. Our very first argument, though, was reference to those documents because the plaintiff, an argument that the appellant did not have standing to even bring those cases, or bring this case, I should say. There are two cases that Your Honors may recall relate to the song contest. Are we allowed to look at all that? Isn't it a 12B6 motion that we're dealing with here? It is. It sounds to me like all those documents are part of the complaint. They are referenced in the complaint and made an integral part of the complaint. Paragraphs 21 through 29 of the complaint refers to those various documents, and they were properly considerable by the district court and by Your Honors as well, I would submit, unless the Court has any questions. Just one more. If you win on the ground that there was no evidence of no allegation of registration of the copyright and we decide it just on that ground, what happens? Does that mean that the complaint can then be brought, if that's the only ground we give, does that mean that now that it is registered, he can just rebring the claim? If he were to, yes, he could theoretically reassert his claim in an amended complaint or a new complaint. However, at that point in time, the arguments I was making... We just file a new complaint. Then all the arguments kick in. I'm just trying to figure out what happens as a matter of litigation. Is the basic idea that the clock just starts again? He then can file based on new registration and new claim and nothing that's happened before gets in the way of that. Is that right? If Your Honors determined that that was not proper, then he would have to amend his complaint. Would he just file a new complaint? He would file. I think it would have to be a new complaint because those claims were dismissed with prejudice. There was a judgment dismissing the action. Well, it makes quite a bit of difference, doesn't it? Because if it's a new complaint, the statute of limitations is wrong. Correct. Yes. I do believe that that would be the case. But if it's a motion to leave to amend the complaint, then the district court would be in a position to say it's too late. Essentially, although copyright infringement, it's a three-year statute of limitations. No, no, no. For purposes of amending the complaint, just for leave to amend, just say this has gone on for quite a long time without you getting it right. It's too late now. I'm not going to listen to it. A hundred percent, yes. So on either of those theories, the case would just end on that ground right there anyway. Yes, it would. But then to your point, if you were to file a new complaint or there were to be a revival of the existing complaint, then all the other arguments that I mentioned about the rights would come. A new complaint would run into the statute of limitations problem. It would have a statute of limitations problem certainly in terms of damages because you can basically only get three years of damages based upon alleged infringement that's happened over the past three years. There are other issues relating to ownership that would be impacted by the statute of limitations. But the fundamental issue that would be before the district court at that point in time, if the reversal were to be on that basis, would be what rights did the plaintiff have? We submit that there are none, and the case would end on that basis. In other words, the court would have to reach those claims at that time. Right. But just to be clear, the filing of a new complaint would not be barred by res judicata we affirmed here. I don't believe if you affirm the filing of a new complaint would be barred on the basis of res judicata because of the dismissal with prejudice because of the failure to state a claim. I'm not understanding that because under the theory that copyright registration was an element of the cause of action, he didn't have that at the time he filed the original complaint. So a dismissal for failure to have the registration when he filed couldn't be res judicata of a claim brought after he did get the registration. The dismissal below, Your Honor, was not just based upon the failure of registration. It was also based upon the failure to plead a copyright cause of action. But if we affirm solely on the ground of lack of registration, that would not be res judicata, right? That would not be res judicata. Why isn't the statute of limitations here interrupted by this action being allowed? The statute of limitations, if there was a judgment against him dismissing the case, to the extent that he appealed, that could, I guess, perpetuate the claim. That is something that we would have to assess, Your Honor. I can't argue that to you at this point. I don't think we have to decide that now either. No. I'm not prepared to just entirely at this point. Thank you. Thank you, Your Honor. Just to clarify the record, the CD was made part of the record. It was part of one in the motion to dismiss. We filed a response in opposition. The court, and we submitted to the court. The only thing that we had, a couple of documents, affidavits and the CD. And the court, and we, because it was, we already had the electronic filing. We requested court permission to submit a hard copy. And the court granted. And it's there. It's on there. So the CD made part of the record. And the court took that motion in consideration. And the CD was part of that motion. That was at the beginning of the case. When they reinstated their motion to dismiss, first thing we asked was taking into consideration all our filings before, including those response. And the CD was part of that. So the CD is part of the record. And if you take a look at the, I know that you did. The CD was, are you saying it was attached to the complaint? No. It was attached to the motion to, to the response or reply to motion to dismiss. And the court allows that CD. So the court has that CD to rule under that comparison. But it makes no reference to it. But we got the order to say, we request, we send the motion. My honest opinion, the court overlooked that CD. But it was part of the record. So they didn't take a look at the CD, but it was made part of the record on the first motion to dismiss. And we reinstated our replies. That would make it a summary judgment motion at that point, wouldn't it? And you see, it was like three replies, four replies. It was more than a motion to, under Rule 56. Like with the caveat that we didn't have control of the documents, like we said. But in the complaint, in the original complaint, it says, Plaintiff Adrian Cortez composed the song, recorded the song. It takes steps what he did. He contracted the artist. He did all the choreography. He, the dancers, the, he described what is music video. We explain later, music video is composed of three elements. The music, the choreography, and the video. And that was in paragraph number 20. And then when we go to the portion where we say that both videos are almost identical, I'm an official of the court, so I cannot lie. So I'm not going to say that they are identical, because they are not identical. They are almost identical. And we explain what we meant by that in terms of the video, the choreography, the music, which is the written, and the song, which is the wording. The wording is not identical. The other three, the other two portions of that are. So that's basically our situation. Since the beginning, we may explain what was the music video all about. And the different elements of the video, of the music video, which is in paragraph number 20. Your time is up. Yes, Your Honor. Thank you. Okay. We shall do a draw.